No. 26-6329

# United States Court of Appeals for the Ninth Circuit

JOSEPH TAYLOR, MICK CLEARY, AND JENNIFER NELSON,

*Plaintiffs-Appellees*,

v.

GOOGLE LLC,

*Defendant-Appellee*.

*Appeal from the U.S. District Court for the Northern District of California, Case No. 20-cv-7956, before the Honorable Virginia K. DeMarchi*

## PLAINTIFFS-APPELLEES' OPPOSITION TO MIKE SUSSMAN'S MOTION TO CONSOLIDATE

Glen E. Summers
Karma M. Giulianelli
J. Jacob Marsh
BARTLIT BECK LLP
1801 Wewatta Street
Suite 1200
Denver, Colorado 80202
(303) 592-3100
glen.summers@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
jacob.marsh@bartlitbeck.com

Marc A. Wallenstein
George A. Zelcs
KOREIN TILLERY LLP
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
(312) 641-9750
mwallenstein@koreintillery.com
gzelcs@koreintillery.com

*Pro se* objector-appellant Mike Sussman filed a motion to consolidate this appeal, No. 26-6329, with another Ninth Circuit appeal, No. 26-6253. ECF 3. None of the other parties has requested consolidation. Mr. Sussman is proceeding jointly with *pro se* objector-appellants Christopher Andrews and Michael Focia, but neither Mr. Andrews nor Mr. Focia joined Mr. Andrews's motion to consolidate. Google has not moved to consolidate. And the parties in appeal No. 26-6253 have not requested that their appeal be consolidated with Mr. Sussman's appeal.

Plaintiffs-Appellees respectfully request that Mr. Sussman's motion be denied.

As the movant, Mr. Sussman bears the burden to show that these appeals should be consolidated. *See Tourgeman v. Nelson & Kennard*, 900 F.3d 1105, 1109 (9th Cir. 2018) ("Perhaps the broadest and most accepted idea is that the person who seeks court action should justify the request . . . ." (quoting *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005))). Mr. Sussman does not identify any common issues between the appeals that would warrant consolidation. ECF 3. The only reason Mr. Sussman gives for granting his motion is that, in his opinion, consolidation would reduce the costs that may be taxable against him if he loses his appeal. *See* ECF 3 (arguing that consolidating the two cases would reduce fees and costs that may be taxed against him).[1] Because Mr. Sussman does not meet his burden, his motion should be denied.

[1] Mr. Sussman's argument is mere speculation, because it is this Court that will ultimately determine how taxable costs are allocated among the parties. *City of San Antonio, Texas v. Hotels.com, L. P.*, 593 U.S. 330, 337 (2021).

The parties cannot even assess the extent to which there will be common issues between the two appeals, because Mr. Sussman and his joint *pro se* appellees, Mr. Andrews and Mr. Focia (collectively, the "Objector-Appellants"), have not complied with their obligation to serve a statement of issues in this case. The Objector-Appellants filed their joint notice of appeal on September 16, 2026. They were required within **seven days** to serve on appellees "a statement of the issues the appellant[s] intend[] to present on appeal." Circuit Rule 10-3.1(a). That deadline passed on September 23, 2026. To this day, Objector-Appellants still have not served Plaintiffs with a statement of issues.

Objector-Appellants' "failure to comply" with Circuit Rule 10-3.1(a) "may, in the Court's discretion, result in dismissal of the appeal." Circuit Advisory Committee Note to Circuit Rule 10-3. The Circuit Rules explicitly state that "an order may be entered by the clerk dismissing the appeal" if the appellant fails to "comply with rules requiring processing the appeal for hearing." Circuit Rule 42-1. Furthermore, the Federal Rules of Appellate Procedure authorize "dismissal of the appeal" when an appellant fails to "take a 'step' in the procedure of appeal after filing notice of appeal." *Thomas v. Computax Corp.*, 631 F.2d 139, 141 (9th Cir. 1980) (citation omitted); *see also Sw. Adm'rs, Inc. v. Lopez*, 781 F.2d 1378, 1380 (9th Cir. 1986) (similar). And this Court specifically warned Objector-Appellants that they were obligated to comply with Circuit Rule 10-3. *See* ECF 2 at 3 ("If there were reported hearings, the parties shall designate and, if necessary, cross designate the transcripts pursuant to 9th Cir. R. 10-3.").

Because Mr. Sussman has identified no valid basis for consolidation, and the Objector-Appellants have not even provided a statement of issues they intend to appeal which would allow the parties and the Court to evaluate Mr. Sussman's motion to consolidate, this Court should deny Mr. Sussman's motion.

Dated: October 13, 2026

Respectfully submitted,

*/s/ J. Jacob Marsh*

Glen E. Summers
Karma M. Giulianelli
J. Jacob Marsh
BARTLIT BECK LLP
1801 Wewatta Street
Suite 1200
Denver, Colorado 80202
(303) 592-3100
glen.summers@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
jacob.marsh@bartlitbeck.com

Marc A. Wallenstein
George A. Zelcs
KOREIN TILLERY LLP
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
(312) 641-9750
mwallenstein@koreintillery.com
gzelcs@koreintillery.com